IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LANE,<br><br>    Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendant.<br>_____/ | No. C 03-5777 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    Defendant U.S. Department of Housing and Urban Development moves for summary judgment. Plaintiff Jesse Lane has filed a statement of non-opposition to Defendant's motion. Having considered the papers filed by the parties and evidence cited therein, the Court grants Defendant's motion and vacates the hearing scheduled for March 10, 2006.

BACKGROUND

On May 13, 2003, Plaintiff filed a FOIA request seeking "[a]ll documents, including documents regarding communications, concerning any agreement or arrangement, informal, formal or otherwise, between HUD and Chicago Title regarding the provision of title insurance, escrow or related services by Chicago Title to HUD for properties sold by HUD in California at any point since July 1, 1994." Complaint at ¶ 6 (alteration in original). Defendant reviewed its records and advised Plaintiff that it had no contracts with Chicago Title in California during the time period in question; thus, there were no responsive documents. Plaintiff appealed Defendant's denial of Plaintiff's FOIA request. Defendant again reviewed its records, confirmed that it had no contracts with Chicago Title in California during the relevant time period and denied Plaintiff's appeal. Cheng Dec., Ex. C.

On December 22, 2003, Plaintiff filed this action. Defendant again searched its records and found no documents responsive to Plaintiff's FOIA request. In addition to searching for responsive documents, Defendant produced several witnesses for depositions and provided documents in response to Plaintiff's document demands, which went beyond the scope of Plaintiff's original FOIA request. Cheng Dec. ¶ 6. Plaintiff deposed Defendant's person most knowledgeable, who testified that he had no knowledge of any negotiations between HUD and Chicago Title with respect to providing escrow, title insurance or real estate settlement services in connection with the sale of HUD property in California from 1994 to the present. Cheng Dec., Ex. D.

2

LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. Proc. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The moving

1  party is not required to produce evidence showing the absence of a
2  material fact on such issues, nor must the moving party support its
3  motion with evidence negating the non-moving party's claim.  Id.;
4  see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990);
5  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991).  If
6  the moving party shows an absence of evidence to support the non-
7  moving party's case, the burden then shifts to the opposing party
8  to produce "specific evidence, through affidavits or admissible
9  discovery material, to show that the dispute exists." Bhan, 929
10 F.2d at 1409.  A complete failure of proof concerning an essential
11 element of the non-moving party's case necessarily renders all
12 other facts immaterial.  Celotex, 477 U.S. at 323.

## DISCUSSION

14     To succeed on summary judgment, an agency claiming to have
15 discharged its FOIA disclosure requirements must show, viewing the
16 facts in the light most favorable to the requester, that the agency
17 has conducted a "search reasonably calculated to uncover all
18 relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d
19 548, 551 (D.C. Cir. 1994).  The question is not whether there might
20 exist any other documents possibly responsive to the request, but
21 rather whether the search for those documents was adequate.  Id.
22     Defendant presents evidence that it has conducted such a
23 search.  Plaintiff provides no evidence suggesting otherwise.  As
24 noted above, Plaintiff has filed a statement of non-opposition to
25 Defendant's motion for summary judgment.

## CONCLUSION

27     For the reasons stated above, Defendant's motion for summary

4

judgment is GRANTED (Docket No. 42).  The Clerk shall enter judgment in favor of Defendant.  Defendant shall recover its costs from Plaintiff.

    IT IS SO ORDERED.

Dated:   2/23/06

_____
CLAUDIA WILKEN
United States District Judge